# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| RICKEY DALE JOHNSON, (TDCJ #1760221) | § § § | |
| Petitioner, | § § § | |
| v. | § | CIVIL ACTION NO. 4:17-cv-2929 |
| LORIE DAVIS, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

Rickey Dale Johnson, a Texas state inmate, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, seeking relief from a prison disciplinary conviction. The respondent has answered with a motion for summary judgment, noting that this Court lacks jurisdiction to consider the petition under 28 U.S.C. § 2241(d). (Docket Entry No. 9, at 1–2). Johnson has not filed a response. After reviewing all of the pleadings and the applicable law, the Court dismisses the petition without prejudice. The reasons are explained below.

Johnson is presently serving a 10-year prison sentence that he received as the result of a conviction entered against him for burglary of a habitation in Dallas County Cause Number F-1171889-S. Johnson does not challenge that conviction here. Instead, he challenges a prison disciplinary conviction in Case No. 20170334999, which was entered against him at the Pack Unit on July 13, 2017. Johnson seeks relief from that

disciplinary conviction, asserting that he was denied his right to due process because the disciplinary hearing officer was biased.

Because Johnson is confined pursuant to a judgment and sentence by a state court in Texas, which has more than one federal district, jurisdiction over his petition is determined by the place of conviction or the place of confinement, as follows:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(d). Thus, a petitioner may seek a federal writ of habeas corpus in only one of two places: (1) the district in which the petitioner's underlying state court conviction was entered; or (2) the district where the petitioner is incarcerated. *See Wadsworth v. Johnson*, 235 F.3d 959, 962 (5th Cir. 2000).

Johnson is currently serving a prison sentence that was imposed as the result of a conviction entered against him in Dallas County, which is in the Northern District of Texas, Dallas Division. *See* 28 U.S.C. § 124(a)(1). When Johnson filed this petition, he was in custody at the Stiles Unit, which is in Jefferson County. Jefferson County is in the Eastern District of Texas, Beaumont Division. *See* 28 U.S.C. § 124(c)(2). Because neither the place of Johnson's underlying state-court conviction nor his place of incarceration is located within the Southern District of Texas, the respondent correctly

notes that this Court has no jurisdiction over the pending habeas corpus petition.[1] *See Wadsworth*, 235 F.3d at 961–62.

The district court for the district wherein an application for habeas corpus relief has been filed may, in the exercise of its discretion and in furtherance of justice, transfer the petition to another appropriate district court for hearing and determination. *See* 28 U.S.C. § 2241(d). The Court declines to transfer the petition in this case because, for reasons articulated by the respondent, it appears that Johnson did not exhaust his administrative remedies as required before seeking federal habeas corpus relief and that his claims are procedurally barred as result. The respondent argues further that the petition is without merit. To date, Johnson has not responded to the motion for summary judgment, and his time to do so has expired. Johnson was instructed previously in this case that any failure to respond to a dispositive motion by the respondent would result in the dismissal of this case for want of prosecution under Rule 41 of the Federal Rules of Civil Procedure. (Docket Entry No. 4, at 3).

Based on the foregoing, the Court **ORDERS** as follows:

1. The federal habeas corpus petition filed by Rickey Dale Johnson is **DISMISSED** without prejudice for lack of jurisdiction and for want of prosecution.

2. No certificate of appealability will issue from this decision.

---

[1] Although the disciplinary conviction at issue was entered at the Pack Unit, which is in Grimes County and is located within the Southern District of Texas, Houston Division, 28 U.S.C. § 124(b)(2), the Fifth Circuit has held that a TDCJ disciplinary tribunal is not a "state court," and, therefore, the place where a disciplinary action occurred cannot be the basis for jurisdiction under § 2241(d). *Wadsworth*, 235 F.3d at 962.

3

3. The respondent's motion for summary judgment, (Docket Entry No. 9), is **DENIED** as moot.

SIGNED at Houston, Texas on JUN 1 2 2018.

ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE